# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**MICHAEL GORDON RAYMOND**

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:15-CR-80

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 31, with lifetime connections to Lansing. While he was incarcerated in 2011, he was diagnosed bipolar and with schizophrenia. He has been a heroin abuser since age 17 except for the time he has been incarcerated or on parole. Most recently, that has meant that he has been using heroin one to two times per week since January 2014, until he was locked up by the Ingham County officials on October 19, 2014.

Defendant has a number of felony convictions, and in a number of instances, he has committed (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community in light of the serious nature of the defendant's previous convictions, his repeated violations of parole and probation where the Court's and the MDOC's trust in him was misplaced when he committed other criminal acts when placed in a supervised capacity not unlike bond, coupled with his mental health issues and steady use of heroin.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 1, 2015

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v.  **MICHAEL GORDON RAYMOND**
1:15-CR-80
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

other criminal offenses while on probation or parole.  While on probation for receiving stolen property, he committed larceny from a person in 2001.

While on parole for home evasion third, and in a separate case for weapons-felony larceny, defendant committed an offense called safebreaking (MCL 750.531) in 2005, which resulted in a prison term of 24 to 90 months.  It appears this charge may have involved forcing a person to open a safe.  Defendant was paroled from the safebreaking charges (there were two counts) on October 15, 2011, but had parole violations resulting from positive urine screens prior to being discharged from parole on January 25, 2014.

The present charge stems from a shooting in Jackson which put a person in the hospital.  Defendant was charged in Ingham County and held on a $250,000 cash bond in October 2014.  The charges in that court range from assault with intent to commit murder and carjacking to assault with intent to rob while armed and two weapons violations.  Eventually those charges were dropped in favor of the two federal charges pending in this court.  Defendant made a statement admitting to be involved in the shooting, and he led the police to a field where the gun was found.

**Part II - Written Statement of Reasons for Detention** - (continued)